B. B. FIELD *v.* M. J. BLACK, D. P. SQUIRES, AND JOHN BISBEE.

### Contract. Reasonable Time.

The plaintiff having agreed to furnish the defendants with lumber as they should want it, for the building of a mill, and having fulfilled the agreement, except that he failed to furnish it as fast as it was needed, in consequence of which the defendants suffered damages, it was *held* that, under the circumstances of this case, in order to charge the plaintiff with damage for the delay, the auditor should have found affirmatively that the plaintiff neglected to furnish lumber within a reasonable time after he was furnished with the necessary description of the lumber required.

BOOK ACCOUNT. Heard on the report of the auditor, at the June term, 1869, Orleans county, STEELE, J., presiding. Judgment for the defendants Bisbee and Squires, to recover their costs, and for the plaintiff to recover of the defendant Black the sum of $479.39 and interest and costs. Exceptions by defendant Black.

The facts found by the auditor are sufficiently set forth in the opinion.

*L. H. Bisbee,* for the defendants.

*J. T. Allen* and *G. N. Dale*, for the plaintiff.

The opinion of the court was delivered by

PECK, J.  The plaintiff commenced his action against Black, Squires and Bisbee, claiming to recover against the three defendants as partners.  The auditor has found that the defendants were not partners in the business in which the plaintiff's account accrued, and that Black alone is liable.  No question is made on either side but that the ruling of the county court was correct in rendering judgment in favor of the plaintiff against the defendant Black, for the $479.39, and interest as allowed by the auditor, unless, upon the facts reported, a deduction should be made on account of damages the defendant claims for an alleged delay on the part of the plaintiff in furnishing the lumber, which constitutes a portion of the plaintiff's account.  The auditor finds the above balance due, unless the court should be of opinion, upon the facts the auditor finds, that such deduction should be made.

The auditor finds that about the 25th of September, 1866, the plaintiff and the defendant Black had an interview in reference to the plaintiff furnishing for Black the lumber necessary for the construction of a building for a paper-mill at West Derby ; that the size of the building was named, but subsequently enlarged ; and that it was considered that it would require about 100,000 feet of lumber ; that Black stated to the plaintiff that they intended to get the mill running by January 1st, then next ; and that the plaintiff agreed to furnish the requisite amount of lumber for that purpose, as it should be wanted, at $12 per thousand feet.  The auditor finds that the plaintiff furnished the lumber, but not as fast as it was needed ; and in consequence thereof the commencement of the manufacture of paper was delayed about a month, whereby the defendant Black and the other two defendants jointly sustained damage to the amount of $200, the three defendants being copartners in the manufacture of paper.  The fact that at the time the contract was made, Black knew that the plaintiff had not the requisite lumber, and that he must rely mainly on such purchases as he might be able to make, in addition to such as he could cut on his own land in Coventry, is material only so far as it has a bear-

ing on the question, what should be deemed reasonable notice to the plaintiff of the various kinds of lumber wanted, and the amount of each. In view of the facts reported, that they then had no plan of the building, that there was never at any time any bill of the whole amount of lumber, or any memorandum of the order in which it would be wanted shown to the plaintiff, but that the defendant Black, and others under him, in charge of the construction of the building, each, from time to time, gave orders to the plaintiff in regard to the size and quantity of lumber wanted from time to time ; and in view of the further fact found by the auditor, that as to some of the timber the plaintiff was not informed as to what size or dimension was wanted until they were about ready to use it, it is obvious that in order to charge the plaintiff with damages for delay, it should be found affirmatively that the plaintiff neglected to furnish the lumber within a reasonable time after he was furnished with the necessary description of the lumber required. This the auditor has not found. This conclusion renders the other question in the case immaterial, that is, whether the fact that the damages the defendant claims occurred to the copartnership of Black & Co., and not to Black alone, would be a bar to its allowance in this action, if otherwise it should be allowed.

The judgment of the county court is affirmed.